UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

IMAGE LINEN SERVICES, INC.,

        Plaintiff,

-vs-                                         Case No.  5:09-cv-149-Oc-10GRJ

ECOLAB, INC.,

        Defendant.
_____

# O R D E R

The Plaintiff, a corporation organized under the laws of the Island of Barbados, brought suit against the Defendant, a Delaware corporation, seeking damages in excess of $1,800,000.00 for actions allegedly caused by the Defendant and/or its employees and agents (Docs. 2, 19).  The case was originally filed in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida (Doc. 2).  The Defendant removed the case to this Court on the basis of diversity jurisdiction.  28 U.S.C. § 1332.

The Defendant subsequently filed a Motion for Dismissal Based on *Forum Non Conveniens* (Doc. 40), which the Court denied on February 25, 2011 (Doc. 58).  The case is now before the Court on the Defendant's Motion for Reconsideration (Doc. 59), to which the Plaintiff has filed a response in opposition (Doc. 60).  Upon due consideration, the Defendant's Motion for Reconsideration is due to be granted, the Court's February 25, 2011 Order is due to be vacated in part, and the case is due to be dismissed in its entirety.

**Factual Background and Procedural History**

In 2006, the Plaintiff, Image Linen Services, Inc. ("Image Linen"), was engaged in the business of supplying laundry services to resort hotels on the island of Barbados. Image Linen's registered office is located in St. Michaels, Barbados. (Doc. 40, Ex. 1). Although Image Linen claims that it is a "domestic corporation," there is no evidence establishing that it is currently registered with the State of Florida, or that the company was active in Florida during the time period that the events in question took place.[1] There is also no evidence that Image Linen performed any services in Florida, or that any of its interactions with Ecolab Inc. ("Ecolab") took place in Florida.[2] The only connection with Florida appears to be that Image Linen's directors all reside in Ocala, Florida (Doc. 40, Ex. 2). None of the directors are parties in this case.

The Defendant, Ecolab, is a Delaware corporation with its principal place of business in Minnesota. Ecolab supplied all of the alkali detergent bleach soap and softener used by Image Linen in its laundry business in Barbados. Image Linen does not make clear where

---

[1]Ecolab has submitted search results from the Florida Secretary of State website showing that there is no active registered corporation in Florida with the corporate name "Image Linen Services, Inc." The submitted records show that a corporation by the name of "Image Linen Services, Inc." became inactive as of September 2003, and a limited liability company named "Image Linen Services, LLC" became inactive as of April 2006. (Doc. 40. Exs. 15-17). Image Linen does not dispute these facts, but in a separate filing (Doc. 56), Image Linen's counsel states that the company was "formed in Barbados," and that its "principal place of business is in Florida."

[2]Image Linen has attached to its Amended Complaint a letter from Peter Layden, President of Image Linen, to Randy Espeseth at Ecolab, dated October 31, 2006, which details all of the issues Image Linen had with Ecolab's employees in Barbados (Doc. 19-1). The letter lists a St. Michael, Barbados address, as well as an address in Ocala, Florida, for Image Linen, however, there is no evidence establishing where the letter was sent from.

it purchased the supplies, but Ecolab has submitted documentation establishing that all purchases were made in Barbados, from one of its corporate subsidiaries, Ecolab (Barbados) Limited, a Barbadian corporation with its principal place of business in Barbados (Doc. 40, Ex. 3).

Image Linen contends that one of Ecolab's employees in Barbados, Bruce Reece, "improperly and negligently set the controls on [Image Linen's] laundry machines so as to cause the wrong washing materials and the wrong quantity thereof to be fed into Plaintiff's laundry machines."[3] (Doc. 19, ¶ 8). As a result, the laundry was not ordered and washed in a commercially acceptable and reasonable manner. Due to the improper care of the laundry, the Barbardos resort hotels canceled their contracts with Image Linen, and Image Linen ultimately went out of business.

Image Linen is seeking damages from Ecolab in the amount of $1,404,470.00 for the value of the canceled contracts, and $400,000.00 for the value of the equipment it bought to operate its business. However, the Amended Complaint does not specify the legal theory or theories by which Image Linen seeks relief from Ecolab. The Amended Complaint also does not explain whether Florida law, Barbados law, or the law of some other forum would apply to this litigation.

---

[3] Ecolab contends that it never employed Bruce Reece, and "upon information and belief" he was an employee of Ecolab (Barbados) Limited (Doc. 40, pp. 3-4, and Ex. 5). See also Affidavit of Randall Espeseth, ¶ 4 (Doc. 48-2). Image Linen claims that Mr. Reece was either Ecolab's "borrowed servant or a de facto employee of Ecolab." (Doc. 41, p. 2). Regardless of the nature of Mr. Reece's relationship with Ecolab, it is undisputed that he is, and has been at all relevant times, a resident of Barbados.

3

Although the case was removed to this Court on April 6, 2009, Ecolab did not move to dismiss on *forum non conveniens* grounds until August 13, 2010 (Doc. 40). Until that time, the Parties were actively participating in the discovery process. On February 10, 2010, the Parties appeared at a hearing before the United States Magistrate Judge to discuss difficulties they were encountering in conducting extraterritorial discovery (Doc. 32). In a joint status report, the Parties asked for an extension of the discovery period and all pretrial deadlines, and stated that "[i]f discovery of documents and witnesses in Barbados proves to be unworkable and unproductive, Ecolab may move to dismiss the case on *forum non conveniens* grounds." (Doc. 33, p. 5). By Order dated March 29, 2010, the Magistrate Judge established new pretrial deadlines, and set a deadline of September 17, 2010 for filing a motion to dismiss for *forum non conveniens* (Doc. 34). Accordingly, the Court finds that Ecolab's present motion is timely and ripe for disposition.

The Court took Ecolab's motion to dismiss under advisement and issued an Order denying the motion on February 25, 2011 (Doc. 58). In that Order, the Court noted that the motion to dismiss was "well founded with one exception." (Id., p. 1). The Court was unable to find that Barbados was an available alternative forum because Ecolab only provided assertions that its corporate subsidiary, Ecolab (Barbados) would consent to service of process in Barbados – not Ecolab itself. (Id.).

On March 3, 2011, Ecolab submitted the present motion for reconsideration, in which it expressly states that Ecolab is amenable to service of process in Barbados and will agree to service of process in Barbados upon dismissal of this case (Doc. 59, p. 2). Ecolab has

also attached the Affidavit of Sarah Z. Erickson, in-house counsel for Ecolab, and the attorney responsible for managing this litigation (Doc. 59-1).  Ms. Erickson avers that if Image Linen recommences this action in Barbados pleading the same causes of action set forth in the Amended Complaint herein, Ecolab will consent to service of process in Barbados, consent to a Barbadian civil court's jurisdiction, and respect any final post-appeal judgment entered by a Barbadian civil court (Doc. 59-1, ¶ 5).

## Ecolab's Motion for Reconsideration

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly."  Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Also, as explained in Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-2378-T-17-MAP, 2005 WL 1053691 at * 3 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking."  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at * 4.  (citation omitted).

With the filing of the Affidavit of Ms. Erickson, and the assurances in its motion for reconsideration that Ecolab is amenable to service of process in Barbados, the Court finds that Ecolab has set forth facts of a strongly convincing nature such that reconsideration is appropriate and shall be granted.[4]  The Court will now proceed to address the merits of Ecolab's motion to dismiss for *forum non conveniens* below.

## Standard for Dismissal for *Forum Non Conveniens*

A federal court has discretion to dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and ... trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or ... the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." American Dredging Co. v. Miller, 510 U.S. 443, 447-448, 114 S.Ct. 981, 985 (1994) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 258 (1981), in turn quoting Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518, 524, 67 S.Ct. 828, 831 (1947)). Dismissal for *forum non conveniens* reflects a court's assessment of a "range of considerations, . . . most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 723, 116 S.Ct. 1712, 1724 (1996) (citations omitted).

---

[4]The Court has reviewed Image Linen's response (Doc. 60) which is merely a recitation of the arguments previously raised in response to the initial motion to dismiss. The Court finds that Image Linen's response is not persuasive.

To prevail on a motion to dismiss for *forum non conveniens*, the moving party must show that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." Leon v. Million Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001). See also Tazoe v. Airbus S.A.S, ___ F.3d ___, 2011 WL 294044, * 3 (11th Cir. Feb. 1, 2011). In making a *forum non conveniens* determination, the Court may look to the parties' evidentiary submissions and affidavits in support or opposition to the motion. See Piper Aircraft, 454 U.S. at 258-59, 102 S.Ct. at 267. The Court "must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing [the] plaintiff's initial forum choice." La Seguridad v. Transytur Line, 707 F.2d 1304, 1307 (11th Cir. 1983) (quotations omitted). However, when the plaintiff's choice is not its home forum, the presumption in the plaintiff's favor "applies with less force." Piper Aircraft Co., 454 U.S., at 255-256, 102 S.Ct. at 265-66.[5]

## Barbados is an Adequate and Available Forum

Under the first factor, the Court must determine "whether the alternative forum is adequate and available." Aldana v. Del Monte Fresh Produce N.A., 578 F.3d 1283, 1290 (11th Cir. 2009) (internal quotation marks omitted). "Availability and adequacy warrant separate consideration." Leon, 251 F.3d at 1311.

---

[5]The federal doctrine of *forum non conveniens* applies, as opposed to the transfer doctrine of 28 U.S.C. § 1404(a) where, as here, the alleged alternative forum is a foreign country. American Dredging Co., 510 U.S. at 449 n. 2, 114 S.Ct. at 986.

7

"An alternative forum is 'available' to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred." Id. "Ordinarily, [the requirement of an available forum] will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." Piper Aircraft, 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22 (quoting Gulf Oil v. Gilbert, 330 U.S. 501, 506-07, 67 S.Ct. 839, 842 (1947)).  Ecolab states that its subsidiary, Ecolab (Barbados) Limited, is located in Barbados and is amenable to process in that country (Doc. 40, pp. 6-7).  And, in its motion for reconsideration, Ecolab now affirmatively asserts that Ecolab is also amenable to service of process in Barbados, and will consent to the jurisdiction of a Barbadian civil court (Doc. 59, p. 2 and Doc. 59-1, ¶ 5).

Ecolab further states that a vast majority of the witnesses and documentation necessary to litigate this case reside in Barbados.  Moreover, Ecolab asserts that it will make Randy Espeseth, a retired Ecolab employee (and the only witness not affiliated with Image Linen who resides in Florida), available to a Barbadian court for both pretrial proceedings and trial, without the requirement of a subpoena.  Mr. Espeseth will also waive the formalities of the Hague Convention. See Affidavit of Randall Espeseth at ¶¶ 5-6 (Doc. 48-2).  The Court finds this sufficient to ensure the availability of Barbados as an alternative forum.

"An adequate forum need not be a perfect forum." Satz v. McDonnell Douglas Corp., 244 F.3d 1279, 1283 (11th Cir. 2001).  "An alternative forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiff's injuries." King v. Cessna Aircraft Co., 562 F.3d 1374, 1381 (11th Cir. 2009) (citations

8

omitted).  It is only in "rare circumstances" where "the remedy offered by the other forum is clearly unsatisfactory," that the alternative forum may be regarded as inadequate.  Id. (quoting Piper Aircraft, 454 U.S. at 255 n. 22, 102 S.Ct. at 265).  The Supreme Court has noted that the remedy afforded by the alternative forum is inadequate when it amounts to "no remedy at all."  Piper Aircraft, 454 U.S. at 254, 102 S.Ct. at 265.

Ecolab has provided sufficient support to establish that the remedies available in Barbados are neither "clearly unsatisfactory" nor do they amount to "no remedy at all."  Ecolab has submitted the affidavit of Heather M. Tull, a Barbadian attorney, who avers that Barbados has an independent judiciary and a legal system derived from English Common Law (Affidvait of Heather M. Tull, ¶¶ 4-5 (Doc. 40-3).  Ms. Tull further avers that Barbados law recognizes private rights of action for negligence, breach of contract, and breach of warranty claims, with a six year statute of limitations for each claim.  Id. at ¶ 6.  Thus, Image Linen's claims, if refiled in Barbados, would not be time-barred, and Image Linen would have ample time to obtain local counsel and file its lawsuit.  Moreover, Image Linen has made no argument in its response (Doc. 41) challenging the adequacy of Barbados as an alternative forum.

The Court therefore finds that Barbados is both an available and adequate forum for this litigation.

**Private Factors Favor Dismissal**

"[I]n considering the private interests of the litigants, some important considerations are: relative ease of access to sources of proof; ability to obtain witnesses; possibility of view of premises, if relevant; and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" La Seguridad, 707 F.2d at 1307 (quoting Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843).  Applying these factors here, it becomes apparent that the balance weighs strongly against adjudicating this dispute in Florida.

"Perhaps the most important 'private interest' of the litigants is access to evidence." Ford v. Brown, 319 F.3d 1302, 1308 (11th Cir. 2003).  Ecolab contends that litigating in Florida will greatly hamper, if not completely eviscerate, its ability to obtain any of the documents and testimony necessary to put forth any measurable defense.  For example, Ecolab has requested Image Linen's financial records, including general ledgers, payroll records, bank statements, and all documents establishing operating expenses and overhead.  All of these documents are in the possession of Stanley MacDonald, Image Linen's Local Director in Barbados, and, to date, Mr. McDonald has not produced any documents other than Image Linen's bank statements.  Ecolab argues that it needs these materials to establish its defenses to Image Linen's claims and, because these materials are in Barbados, Ecolab has no efficient means of obtaining these documents from Mr. McDonald.[6]

---

[6]While Ecolab admits that it could send document requests to Mr. McDonald through the
(continued...)

In response, Image Linen admits that Ecolab has attempted to obtain its financial records for several months, without success. Image Linen's counsel states that he has spoken with Mr. McDonald, who claims that no other financial records for Image Linen exist. (Doc. 41, p. 5). Image Linen's counsel admits that he does not know whether or not Mr. McDonald's unverified statement is true, but contends that this "would presumably be Mr. McDonald's position even if he were deposed. Hence these supposed documents do not offer a compelling reason for dismissal." (Id.).

These unsupported statements are insufficient to outweigh Ecolab's right to discovery concerning Image Linen's financial records. At this point, Image Linen has in its possession documentation establishing the existence of its hotel contracts, invoices with Ecolab (Barbados) Limited, and receipts for equipment investments (*i.e.* all of its claimed damages), (see Doc. 41, p. 2), but has been unable to produce any documentation establishing its business expenses, leaving Ecolab at a severe disadvantage in its ability to attack Image Linen's damages contentions and/or to establish any defenses such as comparative negligence. Moreover, it is undisputed that Image Linen was incorporated and operated in Barbados during all relevant time periods, and that Mr. McDonald resides in Barbados. In addition, Ms. Tull avers that pursuant to the Barbados Companies Act, a Barbadian company must "prepare and maintain adequate accounting records," and those

---

[6](...continued)
Barbados Courts via the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters, it appears that any responses could take from 6 to 12 months. See Doc. 33, pp. 3-4. See also Supplemental Affidavit of Healther M. Tull, ¶¶ 3-9 (Doc. 48-1).

records must be "kept at the registered office of the company or at some other place in Barbados designated by the directors." <u>See</u> Supplemental Affidvait of Healther M. Tull, ¶11 (Doc. 48-1). The registered office of Image Linen is St. Michael, Barbados (Doc. 40, Ex. 1). Thus, it stands to reason that to the extent any of these "supposed documents" exist, they exist in Barbados, and therefore Barbados offers superior "access to sources of proof."

Ecolab also has no means of effectively obtaining the testimony of Mr. McDonald, or of any other witness residing in Barbados either by deposition or at trial. In addition to Mr. McDonald, Ecolab has identified 13 non-party witnesses located in Barbados whom Ecolab believes possess testimony that would establish that Image Linen, and not Ecolab or Ecolab (Barbados) Limited were responsible for Image Linen's damages. These witnesses include Image Linen's hotel resort customers, Image Linen's former employees, and non-Ecolab service and repair technicians who performed work at Image Linen. There is no evidence that any of these witnesses would be willing to voluntarily travel to Florida to give testimony, and this Court lacks the authority to compel any of these witness to attend proceedings in this jurisdiction. <u>See</u> Fed. R. Civ. P. 45(b)(2) (limiting the Court's subpoena authority to within 100 miles of the place of trial). Because this Court lacks "a compulsory process for the attendance of unwilling . . . witnesses," this factor favors

dismissal. Tazoe, 2011 WL 294044 at * 5 (quoting Gulf Oil, 330 U.S. at 508, 67 S.Ct. at 843).[7]

Image Linen contends that this case should stay in Florida because "[u]pon reflection, Plaintiff has determined to call only the principals of Plaintiff and Mr. Espeseth as witnesses at trial." (Doc. 40, p. 3). These four witnesses all reside in Florida. However, this assertion does not change the unescapable fact that all of the 14 witnesses Ecolab claims are necessary for its defenses reside in Barbados and are outside this Court's subpoena authority.[8] Moreover, Image Linen nowhere states that its directors – who voluntarily availed themselves of the laws and business opportunities of Barbados – are unable to appear in Barbados for deposition and/or trial, and Mr. Espeseth has sworn under oath that he will make himself available in Barbados at all stages of litigation.[9] (Doc. 48-2, ¶ 6).

---

[7] Ecolab admits that it could attempt to obtain testimony from some witnesses via the Hague Convention, but that process only works if the witness voluntarily agrees to be deposed. Similarly, letters rogatory are available, but such a process would be cumbersome at best.

[8] Image Linen's argument that Ecolab has not presented any affidavits or witness statements establishing the necessity of the 14 Barbados witnesses is unavailing. Obviously if Ecolab cannot compel these witnesses, all of whom reside outside the United States, to provide deposition and/or trial testimony, it follows that Ecolab also cannot compel affidavits from these witnesses. Moreover, the Court is unaware of any legal authority which requires a party to submit an affidavit from a witness establishing the need to depose that same witness. See Piper Aircraft, 454 U.S. at 258, 102 S.Ct. at 267. It is clear that all of the acts which form the basis of this case took place in Barbados, and Ecolab has made a sufficient showing of relevancy for these 14 identified witnesses.

[9] To the extent that Mr. Espeseth were to renege on his sworn promise to appear in Barbados, Image Linen could obtain his testimony pursuant to 28 U.S.C. § 1782.

The third private factor – the possibility of viewing the premises – also weighs in favor of dismissal. To the extent that an inspection of Image Linen's premises – particularly its washing machines and other related equipment – is necessary, such an inspection can only occur in Barbados. See Doc. 19, ¶ 16.

The Court further finds that Image Linen's choice of Florida is not entitled to a "strong presumption" in its favor. This presumption is only strongest when the plaintiff is a citizen or resident of the United States. See SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1101 (11th Cir. 2004) (citation omitted). A foreign plaintiff's choice of forum is given far less deference. See Piper Aircraft, 454 U.S. at 255-56, 102 S.Ct. at 265-66. In this case, it is undisputed that Image Linen was incorporated in Barbados; no company by the same name has been registered in Florida since 2003. (See Doc. 19, ¶ 1, Doc. 40, Exs. 1, 15-17, Doc. 56). Thus, as a foreign corporation, Image Linen's choice of Florida is not entitled to deference such that it would outweigh the private interest factors in favor of dismissal.

Image Linen continues to argue, without any evidentiary support, that its principal place of business is in Florida. Even if the Court were to accept this statement and broadly interpret it to mean that Image Linen is a United States corporation, it would not entitle the company to any additional presumption in favor of its choice of forum. "Although courts usually afford deference to a Plaintiff's choice of forum, when an American plaintiff chooses to invest in a foreign country and then complains of fraudulent acts occurring primarily in that country, the plaintiff's ability to rely upon citizenship as a talisman against *forum non*

14

*conveniens* dismissal is diminished." J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd., 515 F. Supp. 2d 1258, 1274 (M.D. Fla. 2007) (quoting Warter v. Boston Securities, S.A., 380 F. Supp. 2d 1299, 1314 (S.D. Fla. 2004)) (additional citations omitted).

The Court finds that the private interest factors weigh in favor of dismissal.[10]

### **Public Factors Also Favor Dismissal**

The Supreme Court has held that a court ruling on a motion to dismiss based on *forum non conveniens* must consider the following "public factors:"

> [T]he administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Piper Aircraft, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6 (quoting Gulf Oil, 330 U.S. at 509, 67 S.Ct. at 843). The primary factors to consider are "the sovereigns' interests in deciding the dispute, the administrative burdens posed by trial, and the need to apply foreign law." Satz, 244 F.3d at 1284 (quotations omitted). Ecolab contends that the public factors favor dismissal. Image Linen has not presented any argument to the contrary.

Based on a review of the record evidence, the Court finds that Barbados has a superior interest in the resolution of Image Linen's claims as "it is clear that a sovereign has

---

[10]The Court is aware that Ecolab has asserted a counterclaim for breach of contract against Image Linen (Doc. 23). However, it is clear from the allegations that the breach of contract relates to Ecolab (Barbados) Limited's contract with Image Linen, and there is nothing to suggest that this contract was executed and/or performed in any location other than Barbados.

15

a very strong interest when its citizens are allegedly victims and the injury occurs on home soil." Tazoe, 2011 WL 294044 at * 7 (quoting SME Racks, Inc., 382 F.3d at 1104). Image Linen is a Barbados corporation. The alleged actions on the part of Ecolab and Ecolab (Barbados) Limited took place in Barbados, and the damages claimed by Image Linen (lost contracts and loss of equipment) occurred in Barbados. The majority of the witnesses with information about the events of this case also reside in Barbados.

On the other hand, the Court cannot find any contacts between the Parties and Florida, other than Image Linen's directors (who are not parties to this case) all of whom reside in Florida, and the documents Image Linen contends it will use to prove its case are now located in Florida. However, these factors do not outweigh Barbados' strong ties to this case, and the Court cannot ignore the fact that Image Linen's directors voluntarily formed a corporation in Barbados and conducted the business which forms the basis of this lawsuit in that country.

The Court is also persuaded by the fact that Barbados law may apply to Image Linen's claims. At this stage it is not clear which forum's law will apply, however given the lack of any contacts with Florida, and the absence of any evidence establishing that any wrongful acts occurred in Florida, there is a strong possibility that Barbados law will govern this case.[11] Dismissal would, therefore, "avoid [ ] . . . unnecessary problems in conflict of

---

[11]For example, in the event Image Linen intends to assert a negligence claim, this Court would apply Florida's "most significant relationship" test to determine the law governing such a tort claim. See Green Leaf Nursery v. E.I. DuPont De Nemours and Co., 341 F.3d 1292, 1301 (11th
(continued...)

laws, or . . . the application of foreign law." Piper Aircraft, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6 (quoting Gulf Oil, 330 U.S. at 509, 607 S.Ct. at 843).

The Court finds that the public factors favor dismissal.

### Image Linen Can Reinstate Its Suit in Barbados Without Undue Burden or Prejudice

The last factor the Court must decide is whether Image Linen "can reinstate [its] suit in the alternate forum without undue inconvenience or prejudice." Aldana, 578 F.3d at 1290. As discussed above, Ecolab has agreed that both its subsidiary, Ecolab (Barbados) Limited and Ecolab itself will be amenable to service of process in Barbados. The record evidence further establishes that Image Linen was incorporated in Barbados, that the vast majority, if not all, of the acts which form the basis of this litigation took place in Barbados, that a large portion of the documents and witnesses necessary for this case are located in Barbados, and that both Ecolab and Image Linen would be subject to the jurisdiction of the courts of Barbados. Moreover, Barbados' six-year statute of limitations which would be applicable to this action (regardless of whether the claims lie in tort or breach of contract) will not expire until 2012, as all of the acts which form the basis of this case are alleged to have taken place in 2006 (Doc. 19, ¶¶ 5, 9-10; Doc. 19-1). Accordingly, the Court sees

---

[11](...continued)
Cir. 2003). If Image Linen intends to assert a breach of contract claim, this Court would apply Florida's *lex loci contractus* and *lex loci solutionis* choice of law rules. See Morgan Walton Properties v. International City Bank & Trust Co., 404 So. 2d 1059, 1062 (Fla. 1981). Based on the available record evidence, it is highly likely that both choice of law tests would result in the application of Barbados law.

no impediment to the reinstatement of this action in Barbados, see Tazoe, 2011 WL 294044 at ** 8-9, and Image Linen has presented no evidence or made any argument to the contrary.[12]

## Conclusion

Accordingly, balancing the private and public factors, weighing the relative advantages of the respective forums, and upon due consideration it is hereby ORDERED as follows:

(1)  The Motion of Defendant Ecolab, Inc. For Reconsideration of Order Denying Motion for Dismissal Based on *Forum Non Conveniens* (Doc. 59) is GRANTED;

(2)  The Court's Order dated February 25, 2011 (Doc. 58) is VACATED IN PART. The Order is VACATED with respect to the denial of the Defendant's Motion to Dismiss. In all other respects the Order remains in full force and effect;

(3)  Defendant Ecolab, Inc.'s Motion for Dismissal Based on *Forum Non Conveniens* (Doc. 40) is GRANTED, and this case – including all claims and counterclaims – is DISMISSED WITHOUT PREJUDICE;

(4)  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

---

[12] Image Linen appears to argue in its response that because Ecolab has "consented to in personam jurisdiction in Florida," the case should proceed in this Court (Doc. 41, p. 2). However, "[a] district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter jurisdiction and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." Sinochem Int'l. Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 432, 127 S.Ct. 1184, 1192 (2007).

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 10th day of March, 2011.

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record